IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Gregory Somers, | Case No. 6:13-cv-00257-MGL-JDA |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Equal Employment Opportunity Commission, Jacqueline A. Berrien, Nicholas M. Inzeo, | |
| Defendants. | |

This matter is before the Court on a motion to dismiss filed by Defendants. [Doc. 12.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(g), D.S.C., this magistrate judge is authorized to review all pretrial matters in employment discrimination cases and to submit findings and recommendations to the District Court.

## **BACKGROUND**[1]

Plaintiff filed this action on January 28, 2013, alleging religious discrimination and a failure to accommodate arising from Plaintiff's employment as an investigator with Defendant Equal Opportunity Employment Commission ("the EEOC"). [Doc. 1.] Plaintiff alleges that the EEOC has unilaterally and without authority attempted to expand the law

---

[1]For purposes of the motion to dismiss, the Court must accept as true Plaintiff's well-pleaded allegations and may rely on the Complaint and documents attached to the Complaint as exhibits or incorporated by reference. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). Thus, the following Background is a summary of the allegations contained in the Complaint, Docket Entry Number 1.

to include sexual orientation as a protected class[2] and is requiring its investigators, including Plaintiff, to interpret and enforce the law as if it includes sexual orientation discrimination as an unlawful employment practice. [*Id.* at 1.] Plaintiff further alleges that he is a Christian and has sincerely held religious beliefs that homosexual behavior is immoral and, thus, he cannot become complicit in such immoral behavior by condoning, advocating, recognizing, or excusing it. [*Id.*] Accordingly, Plaintiff notified the EEOC of his religious objection to working on cases based on allegations of sexual orientation discrimination and requested a religious accommodation that would have excused him from working on these cases but the EEOC denied Plaintiff's requested accommodation. [*Id.* at 5 ¶¶ 16–20.] As a result, Plaintiff alleges he has suffered and continues to suffer monetary damages as well as emotional distress and a real threat of adverse employment action. [*Id.* at 5 ¶ 21.]

Plaintiff brings the following causes of action: (1) declaratory judgment that the EEOC has exceeded its authority and engaged in an ultra vires act; (2) failure to provide a reasonable religious accommodation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (3) violation of the Free Exercise Clause of the United States Constitution; (4) violation of the Religious Freedom Restoration Act of 1993 ("RFRA"); (5) declaratory judgment that the EEOC has violated the Faithful Execution Clause of the United States Constitution; and (6) declaratory judgment that the EEOC has violated the Administrative Procedures Act. [*Id.* at 6–13.] Plaintiff seeks declaratory judgments; injunctive relief;

---

[2]Plaintiff alleges the memoranda attempting to expand the law to include sexual orientation as a protected class were from Defendants Jacqueline A. Berrien ("Berrien"), Chair of the EEOC, and Nicholas M. Inzeo ("Inzeo"), Director of the Office of Field Programs for the EEOC. [Doc. 1.]

2

monetary damages for actual and compensatory losses, mental anguish, and emotional and physical distress; attorneys' fees and costs; and such further relief as the Court may deem just and proper. [*Id.* at 13–14.]

Defendants filed the instant motion to dismiss on April 5, 2013. [Doc. 12.] Plaintiff filed a response in opposition on April 22, 2013. [Doc. 13.] Defendants thereafter filed a reply and supplement to the reply. [Docs. 17, 25.] Accordingly, the motion to dismiss is now ripe for review.

## APPLICABLE LAW

**Motion to Dismiss Standard**

### *Rule 12(b)(1)*

A motion to dismiss under Rule 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. Fed. R. Civ. P. 12(b)(1). It is the petitioner's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. *See id.* The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "'(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution

of disputed facts.'" *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

### *Rule 12(b)(6)*

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support her claim and entitle her to relief. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief"

4

> requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" (quoting *Twombly*, 550 U.S. at 557)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

**DISCUSSION**

Defendants contend that Counts One, Three, Four, Five, and Six should be dismissed for lack of subject matter jurisdiction because they are preempted by Title VII; any attempt to circumvent the preemptive effect of Title VII fails because Plaintiff lacks standing to sue in any capacity other than his capacity as an employee; and Count Two should be dismissed because Plaintiff has failed to state a claim under Title VII. [Doc. 12-1.] The Court agrees that Counts One, Three, Four, Five, and Six are preempted by Title VII and that Plaintiff has failed to state a claim under Title VII.[3]

**Preempted Claims**

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to . . . compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Title VII did not protect federal employees until it was amended in 1972 by the Equal Employment Opportunity Act ("EEOA"). *Brown v. General Servs. Admin.*, 425 U.S. 820, 825 (1976) (citing 42 U.S.C. § 2000e(b)). The EEOA "expressly subjects federal agencies to Title VII's prohibitions, delegates the EEOC the authority to ensure that federal agencies comply with Title VII and allows aggrieved federal employees to commence civil actions in federal court for review of their discrimination claims." *Pueschel v. U.S.*, 369 F.3d 345, 353 (4th Cir. 2004) (citing 42 U.S.C. § 2000e-16.).

In *Brown*, the Supreme Court held that Title VII is "an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination."

---

[3]Because the Court agrees that Counts One, Three, Four, Five, and Six are preempted by Title VII, the Court declines to address Defendants' argument that Plaintiff lacks standing.

*Id.* at 829. The Fourth Circuit and this Court have repeatedly held that Title VII preempts claims of discrimination in federal employment that are not brought under Title VII. *See, e.g.*, *Pueschel*, 369 F.3d at 353 (recognizing that Title VII provides the exclusive judicial remedy for claims of discrimination in federal employment and upholding the dismissal of a Federal Tort Claims Act claim brought by a federal government employee based on preemption); *Daniels v. McHugh*, No. 3:09-182-JFA-JRM, 2011 WL 939228, at *12 (D.S.C. Jan. 18, 2011) (granting summary judgment on federal employee's claim that discharge violated public policy because "Title VII is the exclusive, preemptive remedy for claims arising out of discrimination in federal employment"), *Report and Recommendation adopted by* 2011 WL 939233 (D.S.C. Mar. 16, 2011); *Johnson v. Teague*, No. 4:07-3277-RBH, 2008 WL 4065779, at *2 (D.S.C. Aug. 26, 2008) (explaining that "it is well settled that federal employees are subject to Title VII and that other statutory remedies for discrimination in employment are preempted by Title VII"). Accordingly, claims that could be asserted in a Title VII lawsuit are preempted.

Here, the only injury alleged in the Complaint is based on the potential for Plaintiff to be forced to violate his sincerely held religious beliefs if he is forced to investigate cases of sexual orientation discrimination. [Doc. 1 at 1, 5 ¶ 15, 8 ¶ 48, 9 ¶ 53, 10 ¶ 61; *see also id.* at 1 ("This is a case alleging religious discrimination and a failure to accommodate arising from [Plaintiff's] employment as an investigator with the EEOC in Greenville, South Carolina."), 2 ¶ 5 ("This action is brought to remedy religious discrimination and failure to accommodate [Plaintiff].").] Plaintiff does not allege that he has been forced to investigate cases of sexual orientation discrimination; however, he does allege that if he is forced to investigate these cases, it would violate his sincerely held religious beliefs and that he has

7

requested and been denied a religious accommodation. Although, in addition to Title VII, he brings this action pursuant to the United States Constitution and the Administrative Procedures Act, all of his claims derive from his religiously-based objection to investigating cases of sexual orientation discrimination. Such claims could be asserted in a Title VII lawsuit, including the provision of religious accommodations under Title VII. Accordingly, this Court lacks subject matter jurisdiction to address Plaintiff's claims in Grounds One, Three, Four, Five, and Six and those claims should be dismissed.

**Title VII Claim**

As previously stated, Title VII makes it unlawful for an employer "to discriminate against any individual with respect to . . . compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Under Title VII, an employer is obligated "to make reasonable accommodation for the religious observances of its employees." *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 75 (1977). To state a prima facie religious accommodation claim, a plaintiff must establish that: (1) he has a bona fide religious belief that conflicts with an employment requirement; (2) he informed the employer of this belief; and (3) he was disciplined for failure to comply with the conflicting employment requirement. *Chalmers v. Tulon Co. Of Richmond*, 101 F.3d 1012, 1019 (4th Cir. 1996).

Here, Plaintiff has failed to allege an adverse employment action. First, Plaintiff's argument that Title VII's general requirement of an adverse employment action may not apply to claims based on denial of a request for a religious accommodation fails. The Fourth Circuit squarely addressed that issue in *Ali v. Alamo Rent-A-Car, Inc.*, 8 F. App'x 156 (4th Cir. 2001) (unpublished decision), and held that a Title VII plaintiff must allege an

adverse employment action to survive a motion to dismiss under Rule 12(b)(6). *Id.* at 158–59.  Next, Plaintiff's argument that the denial of his request for accommodation constitutes an adverse employment action also fails.  An adverse employment action must amount to more than an insignificant alteration of job responsibilities.  *See Von Gunten v. Maryland*, 243 F.3d 858, 866 (4th Cir. 2001) ("Adverse employment action includes any retaliatory act or harassment if, but only if, that act or harassment results in an adverse effect on the 'terms, conditions, or benefits' of employment." (quoting 42 U.S.C. § 2000e-3)).  It is well established that not every action taken by an employer adverse to the aggrieved party amounts to an adverse employment action within the scope of Title VII. *See id.*, 243 F.3d at 866–67; *Jeffers v. Thompson*, 264 F.Supp.2d 314, 330 (D. Md. 2003) ("a reprimand, whether oral or written, does not per se significantly alter the terms or conditions of employment, but only becomes an adverse action if it works a real, rather than a speculative, employment injury").  Moreover, a slight change in duties, absent a showing that Plaintiff received less pay or fewer benefits or "even that her adjusted work was especially onerous or humiliating" does not constitute the requisite adverse employment action.  *Talamantes v. Berkeley Cnty. Sch. Dist.*, 340 F. Supp. 2d 684, 699 (D.S.C. 2004).  Here, Plaintiff has not alleged any change to the terms, conditions, or benefits of his employment.  Plaintiff does not allege that his day-to-day job duties will change in any way, instead he alleges that he may now be asked to investigate cases based on sexual orientation discrimination, a class alleged to have recently been added to the list of protected classes by the EEOC.[4]  Accordingly, Plaintiff has failed to allege an

---

[4]The Court notes that Plaintiff does not allege that he has ever investigated or been asked to investigate a claim of sexual orientation discrimination.

9

adverse employment action as required for a religious accommodation claim and, thus, Plaintiff's Title VII claim should be dismissed.[5]

## CONCLUSION

Wherefore, based on the foregoing, it is recommended that the motion to dismiss be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>
United States Magistrate Judge

February 21, 2014
Greenville, South Carolina

---

[5] Additionally, the Court is not convinced Plaintiff has alleged a conflict between his religious beliefs and a job requirement because Plaintiff has not asserted how his job of investigating allegations of sexual orientation discrimination would conflict with his religious beliefs that certain sexual behaviors are immoral or how his job of investigating sexual orientation discrimination would result in his condoning such behavior.

Moreover, if the district judge declines to adopt this Report and Recommendation with respect to the Title VII claims, Defendants the EEOC and Inzeo should be dismissed because they are not proper defendants. In a Title VII suit against a government entity, "the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 200e-16(c).

10