IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Gregory Somers, | ) | Civil Action No.: 6:13-00257 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| | ) | |
| Equal Employment Opportunity | ) | |
| Commission, Jacqueline A. Berrien, | ) | |
| Nicholas M. Inzeo, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Gregory Somers ("Plaintiff") filed this action on January 28, 2013, against Defendants Equal Employment Opportunity Commission ("EEOC"), Jacqueline A. Berrien, and Nicholas M. Inzeo ("Defendants") alleging, inter alia, religious discrimination and failure to accommodate arising from Plaintiff's employment as an EEOC investigator.

Defendants filed a Motion to Dismiss on April 5, 2013. (ECF No. 12.) Plaintiff filed his response on April 22, 2013 (ECF No. 13) and Defendants filed a reply and supplemental reply. (ECF No. 17, 25.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this employment discrimination matter was referred to United States Magistrate Judge Jacquelyn D. Austin for consideration of pretrial matters. The Magistrate Judge prepared a thorough Report and Recommendation which recommends that Defendants' Motion to Dismiss be granted. (ECF No. 32.) Plaintiff filed timely objections to the Report and Recommendation (ECF No. 35.) For the reasons set forth herein, this Court adopts the Report and Recommendation and Defendants' Motion to Dismiss is GRANTED.

## BACKGROUND AND PROCEDURAL HISTORY

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. In his complaint, Plaintiff alleges that the EEOC is forcing its investigators, including Plaintiff, to interpret and enforce the law as if it includes sexual orientation discrimination as an unlawful employment practice. (ECF No. 1.) Plaintiff further alleges that he holds sincere religious beliefs that homosexual behavior is immoral and, that he notified the EEOC of his religious objection to working on cases based on allegations of sexual orientation discrimination. Plaintiff requested a religious accommodation that would have excused him from working on these cases but the EEOC denied Plaintiff's requested accommodation which led to the eventual filing of this lawsuit. On April 5, 2013, Defendants filed the instant Motion to Dismiss. (ECF No. 12.) The Magistrate Judge issued a Report and Recommendation recommending that Defendants' Motion to Dismiss be granted. (ECF No. 32.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

**DISCUSSION**

The Magistrate Judge concluded that several counts (Counts One, Three, Four, Five and Six) of Plaintiff's complaint are preempted by Title VII as the exclusive preemptive administrative and judicial scheme for the redress of federal employment discrimination. (ECF No. 32 at 6.) The Magistrate Judge then concluded that Plaintiff's Title VII claim for religious discrimination and failure to accommodate (Count Two) is subject to dismissal based on Plaintiff's failure to allege an adverse employment action as required for a religious accommodation claim. (ECF No. 32 at 9-10.)

Plaintiff objects to the Magistrate Judge's characterization of his claims and suggests that the Magistrate Judge failed to take into account a split in the case law as to the scope of Title VII's exclusivity. (ECF No. 35 at 1-3.) Plaintiff also challenges the EEOC's directives by arguing that the EEOC has not proved that lesbianism, homosexuality, bisexuality, and trans-genderism (collectively "LGBT") is the same as gender. (ECF No. 35 at 4.) He also maintains that the EEOC's directives are in direct conflict with biblical teachings and his sincerely held religious beliefs. (ECF No. 35 at 3-5.) Thus, Plaintiff maintains his opposition to the EEOC directives, which he claims would require him, as an EEOC investigator, to investigate claims which do not comport with his sincerely held religious beliefs and to tell business managers that they have violated Title VII thereby violating his conscience. (ECF NO. 35 at 7.) Finally, Plaintiff asks the Court to reconsider the Magistrate Judge's recommended disposition based on a "change of circumstances"—mainly that Plaintiff has now been assigned a case involving discrimination based on sexual lifestyle and has renewed his request for a religious accommodation. (ECF No. 35 at 8-9.) In the alternative, Plaintiff requests leave to amend

his complaint to assert an Establishment Clause violation which Plaintiff argues provides a separate and independent right not subject to Title VII preemption. (ECF No. 35 at 9.)

Defendants filed a reply to the Plaintiff's Objections highlighting that Plaintiff's objections fail to identify allegations from his complaint that, if proven, show a conflict between his religious beliefs and a job requirement. (ECF No.36 at 9.) Defendants argue that the newly added factual material made part of Plaintiff's objections, fails to demonstrate that Plaintiff has suffered an adverse employment action as required to establish a Title VII claim. (ECF No. 36 at 7.) Plaintiff filed a reply memorandum in support of his objections to the Report and Recommendation of the Magistrate Judge which this Court has reviewed. (ECF No. 37.)

The Court finds that the Magistrate Judge prepared an extensive and detailed Report and Recommendation that appropriately addressed and characterized the parties' arguments and claims. As noted by the Magistrate Judge, it is well settled that federal employees are subject to Title VII and that other statutory remedies for discrimination in employment are preempted by Title VII. *See Brown v. General Services Administration*, 425 U.S., 820, 829 (1976) (recognizing Title VII as the "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination."). Accordingly, in view of his complaint, the Magistrate Judge properly determined that all of Plaintiff's claims derive from his objection to investigating cases of alleged sexual orientation discrimination due to his religious beliefs and are thus preempted. The cases Plaintiff cites in his objections as evidence of a "so-called circuit split" are entirely distinguishable, i.e., primarily concern possible preemption relative to some state law claims, and do not call for a different result.

Simply put, Plaintiff, a federal employee, apparently challenges the EEOC policy directives as they impact *his* employment duties and complains that the EEOC failed to accommodate *his* sincerely held religious beliefs. The applicability of *Brown* and its holding regarding federal preemption is clear and Plaintiff's objection on the point has no merit because even Plaintiff's purported constitutional claims are directly related to his claims of discrimination. *See Pueschel v. United States*, 369 F.3d 345, 353 (4th Cir. 2004)(finding that the plaintiff's Federal Tort Claims Act suit seeking relief for harms allegedly suffered as a result of being subjected to discrimination during her employment with the Federal Aviation Administration were properly dismissed without prejudice on preemption grounds in light of *Brown); see also Owens v. United States*, 822 F.2d 408, 410 (3d Cir. 1987)(concluding that Title VII provides federal employees with a remedy that precludes actions against federal officials for alleged constitutional violations as well as actions under other federal legislation.) Accordingly, this Court agrees that Plaintiff's claims that could be asserted in a Title VII lawsuit—Counts One, Three, Four, Five, and Six—are preempted by Title VII and are thus dismissed.

The crux of the Magistrate Judge's Report and Recommendation is that Plaintiff failed to establish an adverse employment action and thus, failed to state a claim under Title VII. In order to state a prima facie religious accommodation claim, a plaintiff must establish that: (1) he has a bona fide religious belief that conflicts with an employment requirement; (2) he informed the employer of this belief; and (3) he was disciplined for failure to comply with the conflicting employment requirement. *Chalmers v. Tulon Co. of Richmond*, 101 F.3d 1012, 1019 (4th Cir. 1996). In recommending this Court dismiss

Plaintiff's claims, the Magistrate Judge found that Plaintiff failed to allege an adverse employment action as required for a religious accommodation claim. (ECF No. 32 at 8-10.) Plaintiff does little to dispute this finding in his objections or in his reply memorandum other than arguing that refusal to make a reasonable accommodation, in and of itself, violates Title VII. (ECF No. 37 at 3.) The argument was considered by the Magistrate Judge and is ultimately unavailing. *See Von Gunten v. Maryland*, 243 F.3d 858, 866 (4th Cir. 2001) *overruled on other grounds by Burlington N. & Santa Fe. Ry. Co. v. White*, 548 U.S. 53, 67–68 (2006) ("Adverse employment action includes any retaliatory act or harassment if, but only if, that act or harassment results in an adverse effect on the 'terms, conditions, or benefits' of employment"(quoting *Munday v. Waste Mgmt. of N. Am.*, 126 F.3d 239, 243 (4th Cir. 1997)).

Plaintiff also "requests reconsideration based on change of circumstances." (ECF No. 35 at 8) which is directed at this Court and is construed as an objection to the Magistrate Judge's recommendation on a dispositive pretrial issue. Plaintiff indicates that he has now been assigned a case involving discrimination based on sexual lifestyle as evidenced by the renewed request for accommodation that he has attached to his objections. (ECF No. 35 at 8-9.) The Court cannot conclude that Plaintiff's new accommodation request casts any doubt on the well-reasoned findings of the Magistrate Judge. To the contrary, Plaintiff's new accommodation request of March 10, 2014–without any accompanying response from the EEOC as to whether the request was granted or denied—only highlights the importance of the administrative exhaustion process. *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005) (explaining that Title

VII's exhaustion requirement "reflects a congressional intent to use administrative conciliation as the primary means of handling claims, thereby encouraging quicker, less formal, and less expensive resolution of disputes.")

Plaintiff's remaining objections are, based on Plaintiff's own classification, an assortment of points apparently intending to highlight a conflict between the EEOC policy and Plaintiff's religious beliefs. (ECF No. 35 at 3-8.) The Court has accepted Plaintiff's allegations as true and has viewed them in a light most favorable to Plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Still, Plaintiff's allegations are insufficient to survive a motion to dismiss. Plaintiff's objections fail to cast any doubt on the Magistrate Judge's reasoning and analysis.

In sum, the Court concludes that Plaintiff has failed to put forth any legitimate grounds as to why the Report and Recommendation should not be adopted as this Court's order. Accordingly, all objections are overruled, and the Report and Recommendation is incorporated herein by reference.

Finally, Plaintiff requests leave to amend to assert an Establishment Clause cause of action which he purports constitutes a separate and independent right. (ECF No. 35 at 9; ECF No. 37 at 8.) To that end, on March 24, 2014, Plaintiff filed a Motion to Amend attaching a proposed complaint which adds an Establishment Clause claim for relief based on "changed circumstances." (ECF No. 39 at 1.) Ordinarily, "the court should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a); *Davis v. Va. Commonwealth Univ.*, 180 F.3d 626, 628 (4th Cir.1999) (noting that the disposition to amend is within the sound discretion of the district court). A district court may deny a

party's motion to amend if allowing the amendment would be futile. *See In re PEC Solutions, Inc. Sec. Litig.*, 418 F.3d 379, 391 (4th Cir. 2005) ("Leave to amend need not be given when amendment would be futile."); *see also United States v. Pittman*, 209 F.3d 314, 317 (4th Cir.2000); *Shealy v. Winston*, 929 F.2d 1009, 1014 (4th Cir.1991). Plaintiff's proposed amendment would not survive a subsequent motion to dismiss and would be subject to dismissal for the same reasons articulated by the Magistrate Judge concerning Plaintiff's initial complaint. Accordingly, leave to amend is denied as futile.

## CONCLUSION

The Court has carefully reviewed the objections made by Plaintiff and has conducted the required *de novo* review. After considering the motion, the record, the Report and Recommendation of the Magistrate Judge and all responses, this Court determines that the Magistrate Judge's recommended disposition is correct and the Report and Recommendation is adopted and incorporated herein by reference. Therefore, it is ORDERED that and Defendants' Motion to Dismiss (ECF No. 12) is GRANTED and the Court hereby dismisses the claims against Defendants without prejudice. Additionally, Plaintiff's Motion to Amend (ECF No. 39) is DENIED.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
March 25, 2014